UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIQUEAL HARWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00366-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

In March 2022, Petitioner Miqueal Harwell filed a Motion to Vacate, Set Aside, or Correct Sentence. Docs. 1, 5. The Court denied all of Harwell's claims, except for his failure-to-file-appeal claim. Doc. 9. Harwell contends that his criminal defense attorney provided ineffective assistance by failing to file a notice of appeal after Harwell had instructed her to do so. Doc. 5. Harwell's failure-to-file-appeal claim raised a factual issue, and the as result, the Court set a limited evidentiary hearing on the claim.

While preparing for the evidentiary hearing, the United States learned from Harwell's criminal defense attorney that Harwell did, in fact, request that she file a notice of appeal on his behalf. Doc. 20 at p. 1. While not explaining why Harwell's request was not discovered earlier, the United States now requests that the Court: (1) grant Harwell's Motion with respect to Harwell's failure-to-file-appeal claim; and (2) file an amended judgment in *United States v. Harwell,* No. 4:19-cr-01038-SRC, containing the same terms and conditions as the Court's initial judgment entered on November 16, 2021. *Id.; see also United States v. Harwell*, No. 4:19-cr-01038-SRC, Doc. 71.

Ineffective-assistance-of-counsel-claims generally require a petitioner to satisfy *Strickland*'s deficient-performance and prejudice prongs. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into

prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citing *Holloway v. United States*, 960 F.2d 1348, 1356–57 (8th Cir. 1992)).  As such, the Court concludes that Harwell's criminal defense attorney did provide ineffective assistance, and that Harwell is entitled to relief under 28 U.S.C. § 2255.

Accordingly, the Court grants the United States' Motion to Vacate Evidentiary Hearing and to File an Amended Judgment Restarting the 14-day Period to File a Notice of Appeal.  Doc. 20.  The Court also grants Harwell's Motion to Vacate, Set Aside, or Correct Sentence as to Harwell's failure-to-file-appeal claim.  Doc. 5.  The Court vacates the Judgment in *United States v. Harwell*, No. 4:19-cr-01038-SRC, dated November 16, 2021.  The Court directs the Clerk to file a copy of this Order and an amended judgment, dated June 12, 2023, in Harwell's criminal case, containing the same terms and conditions as set forth in the initial Judgment dated November 16, 2021.

If Harwell still intends to appeal his criminal sentence, he must file a notice of appeal by no later than June 26, 2023.  *See* Fed. R. App. P. 4(b)(1)(A).  If Harwell cannot afford counsel to represent him on appeal, he should complete the *in forma pauperis* application and a motion requesting the Court to appoint counsel to represent him, which the Clerk will provide to him and file.

On June 13, 2023 at 2:00 p.m., the Court will hold a status conference in Courtroom 14-North.  Harwell and counsel  must attend the conference.

Dated this 12th day of June 2023.

*[signature]*
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE